IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY DALE ALVERSON, #132431, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:22-cv-602-WKW-JTA |
| SECURUS TECHNOLOGIES, | ) ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Rodney Dale Alverson, an inmate proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. (*See* Doc. No. 1.) Court records reflect that Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g) and failed to pay the requisite filing and administrative fees at the time he filed his Complaint. Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

**I.   THE COMPLAINT**

The Complaint alleges that, in November 2021, Plaintiff received a computer tablet from Defendant with which to access movies, games, and music. (Doc. No. 1 at 2.) Between November 2021 and August 2022, Plaintiff had up to $200.00 transferred from his inmate account to his "Securus phone account" for the purpose of buying such movies, games, and music. (*Id.*) Between December 2021 and August 2022, Defendant refunded Plaintiff for several movies and games due to downloading issues and other problems. (*Id.*) However, the money was refunded only to Plaintiff's Securus phone account, not his

inmate account, leaving him with no choice but to give the money back to Defendant through the purchase of their movies, games, and music. (*Id.*) Based on these allegations, Plaintiff believes Defendant has violated his Fourteenth Amendment rights by committing fraud. (*Id.* at 4.) As relief, he seeks monetary damages. (*Id.* at 5.)

## II. DISCUSSION

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When a prisoner has three or more "strikes" under this rule and fails to pay the requisite filing fees at the time he files his Complaint, the proper procedure is for the Court to dismiss the Complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The three-striker cannot cure such failure by paying the filing fees after the Complaint has been filed. *Id.*

Plaintiff, who has filed at least 17 cases in this Court alone and countless more outside the Middle District, has accumulated at least three strikes under § 1915(g). Specifically, the following three actions were dismissed for Plaintiff's failure to state a claim on which relief may be granted: (1) *Alverson v. Jefferson Co., Ala.*, Case No. 2:08-cv-363-SLB-JEO (N.D. Ala. 2009); (2) *Alverson v. Microsoft Corp.*, Case No. 2:10-cv-2696-LSC-JEO (N.D. Ala. 2010); (3) *Alverson v. Microsoft Corp.*, Case No. 2:11-cv-526-

AKK-JEO (N.D. Ala. 2011). Since that time, Plaintiff has been informed of his three-striker status on numerous occasions. *See, e.g., Alverson v. The Internal Revenue Service*, Case No. 2:22-cv-349-WHA-JTA (M.D. Ala. 2022); *Alverson v. Hamm*, Case No. 2:22-cv-392-MHT-CSC (M.D. Ala. 2022).

Thus, because Plaintiff accumulated at least three "strikes" under § 1915(g) prior to filing this action; failed to pay the requisite filing and administrative fees; and did not allege that he was in imminent danger of serious physical injury, the Court should dismiss this case without prejudice.

### III.   CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for Plaintiff's failure to pay the requisite filing and administrative fees upon initiation of this case.

It is further ORDERED that, on or before **November 7, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of October, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE